**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL WELLS,

      Plaintiff,

                                    CASE NO. 07-15500
v.                                       HON. LAWRENCE P. ZATKOFF

SECURITAS SECURITY SERVICES
USA, INC. and THE UNIVERSITY
OF MICHIGAN,

      Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter comes before the Court on Plaintiff's motion for reconsideration, filed on April 11, 2009 [dkt 44]. Plaintiff challenges the Court's March 27, 2009, Opinion and Order granting Defendants' motions for summary judgment. Pursuant to E.D. Mich. L.R. 7.1(g)(2), no response is permitted.

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

Plaintiff does not directly allege a palpable defect in the Court's March 27 Opinion and Order but does argue that his act of placing a telephone call to facilitate McCarty's complaint

constituted a protected opposition activity. He further argues that his actions transcended his duties as a security guard because he was "genuinely and profoundly concerned about the well-being of the woman who was the victim of sexual harassment." Finally, Plaintiff contends that two very recent federal-court opinions "have substantially broadened the definition of opposition activity."

The Court has reviewed each of the cases Plaintiff cites to advance his argument that his phone call facilitating McCarty's complaint constituted a protected opposition activity. In addition to the fact that these cases present distinguishable fact patterns, the Court finds that Plaintiff's arguments in conjunction with these cases merely expand the same issues that Plaintiff set forth in his response to Defendants' motions for summary judgment. Accordingly, these issues have already been addressed "either directly or by reasonable implication." The same may be said of Plaintiff's contention that he "genuinely and profoundly" cared about McCarty. The Court does not dispute Plaintiff's sincerity, but his sincerity does not impact the finding that Plaintiff's actions did not constitute "opposition" for retaliation purposes.

Plaintiff's only remaining contention is that two recent federal-court opinions have "substantially broadened the definition of opposition activity." Due to the recent nature of these decisions, Plaintiff did not have the opportunity to include them in his responsive brief. The Court has thoroughly reviewed both cases and finds that they do not render reconsideration appropriate. Therefore, Plaintiff's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

                                                        s/Lawrence P. Zatkoff
                                                        LAWRENCE P. ZATKOFF
                                                        UNITED STATES DISTRICT JUDGE

Dated:  May 5, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 5, 2009.

                                                        s/Marie E. Verlinde
                                                        Case Manager
                                                        (810) 984-3290